EDWARDS *v.* PERDUE.

Opinion delivered May 14, 1928.

*Pope & Jennings,* for appellant.

*Goodwin & Goodwin,* for appellee.

HUMPHREYS, J. This appeal involves the construction of the following escrow contract:

"This escrow agreement made and entered into by and between J. M. Perdue and Dr. A. J. Edwards, both of El Dorado, Union County, Arkansas. J. M. Perdue, owner of certain lands lying in section 23-18-15, Union County, Arkansas, has executed the accompanying lease to Dr. A. J. Edwards for the consideration of $500, twenty-five of which was paid, the receipt of which is hereby acknowledged by J. M. Perdue. The remaining $475 to be paid to his order at the Exchange Bank of El Dorado, Arkansas, as follows: Seventy-five dollars to be paid as soon as Dr. A. J. Edwards' attorneys have passed favorably on his title to the lands mentioned in the lease. An abstract to be furnished by J. M. Perdue

within 10 days. And the remaining $400 to be paid $100 each month. Now if the said Dr. A. J. Edwards shall promptly pay the above mentioned moneys as outlined in this contract and accompanying lease, to be turned over to him on receipt of the last payment or on completion of the payment of the remaining balance due under this agreement at any time, but default in any payment the bank is to return *to* lease to J. M. Perdue and no obligation shall remain.

"El Dorado, Arkansas, this December 9, 1926.

Indorsements: "First $100 paid Dec. 23, 1926, J. M. Perdue. A. J. Edwards. Signed J. M. Perdue, A. J. Edwards."

Appellee construed the agreement to be a conditional sales contract with privilege to appellee to elect to deliver the lease to appellant and collect the balance of the purchase price, and, based on that construction of the contract, brought suit against appellant in the chancery court of Union County for a specific performance of same, tendering the lease and praying that the amount due be declared a purchase money lien, and, if not paid, that said lease be foreclosed and sold under proper order of court to pay the amount due.

Appellant construed the escrow agreement as an option contract on his part to lose what he had paid and to forfeit all rights thereunder without further obligation on his part. Appellant interposed this defense to the action.

The cause was submitted upon the pleadings and testimony introduced by the parties in explanation of the meaning of the contract, which resulted in a decree in accordance with appellee's construction thereof, from which is this appeal.

We do not think the contract is ambiguous, its meaning clearly being that, in case of default in payment of the balance of the purchase money, the escrow agent should return the contract with lease attached to appellee, without further obligation or liability on the part of

appellant. The last clause in the contract could have no other meaning, and was a remedy provided.by the parties for ending the contract. It is a settled principle of law that, when the parties themselves in a contract provide the remedy in case of default by either party, the remedy so provided is conclusive.

The decree is reversed, and the cause is remanded with directions to dismiss appellant's complaint.

Mr. Chief Justice HART and Mr. Justice SMITH dissent.